IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:

| | |
|---|---|
| Dairyland Insurance Company,<br><br>                                        Plaintiff,<br>v.<br><br>April J. Huggins, Connie L. Hatfield, and Lenard J. Hatfield,<br><br>                                      Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Reformation)**<br>**(Non-jury)** |

The Plaintiff, Dairyland Insurance Company (hereinafter "Dairyland"), seeks declaratory relief to determine the rights of the parties and recission, and alleges and shows as follows.

**JURISDICTION AND VENUE**

1.    Dairyland is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin and is authorized to sell insurance and does sell insurance in South Carolina.

2.    Upon information and belief, Defendant April J. Huggins is a citizen and resident of Darlington County, South Carolina.

3.    Upon information and belief, Defendant Connie L. Hatfield is a citizen and resident of Darlington County, South Carolina.

4.    Upon information and belief, Defendant Lenard J. Hatfield is a citizen and resident of Darlington County, South Carolina.

5.    This action is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to

inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(1) as, upon information and belief, one or more defendants resides in this Division, and all defendants are residents of South Carolina.

7. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship. Therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

### A. The Policy and its Cancellation

8. Dairyland issued a personal auto policy to April J. Huggins, policy number 11410394879, with effective dates from July 11, 2025, until January 11, 2026 (hereinafter the "Policy"). The Policy listed one insured vehicle, a Chevrolet Impala, VIN 2G1WA5E39F1126371, and April J. Huggins as the sole driver. The Policy provided liability and uninsured motorist coverages of $25,000 each person/ $50,000 each accident for bodily injury and $25,000 each accident for property damage. Underinsured motorist coverage was rejected. A copy of this Policy is attached hereto as Exhibit A.

9. On July 28, 2025, Dairyland sent April Huggins a notice that a premium payment for the Policy was due on August 11, 2025.

10. However, April Huggins never remitted payment to Dairyland.

11. Dairyland mailed April Huggins a Cancellation Notice on August 12, 2025, which stated that coverage would be cancelled under the Policy if payment was not remitted within

fifteen (15) days of that date. The Cancellation Notice otherwise complied with the requirements set forth in South Carolina Code § 38-77-120. A copy of the Notice of Cancellation letter is attached hereto as Exhibit B.

12.     April Huggins never remitted payment to Dairyland for the Policy's premium; therefore, the Policy was effectively cancelled on August 28, 2025.

**B.  The September 1, 2025, Auto Accident**

13.     Upon information and belief, on September 1, 2025, at 2:35 PM, April Huggins was operating the 2015 Impala southbound on Potato House Road in Darlington, South Carolina when she collided with a vehicle occupied by Connie L. Hatfield and J. Lenard Hatfield.

14.     Upon information and belief, Connie Hatfield and Lenard Hatfield sustained injuries as a result of the accident and have or will make claims against April Huggins under the Dairyland Policy.

**C.  Representations After the Accident**

15.     On September 1, 2025, the same day as the above-detailed accident, at 3:12 PM, April Huggins called Dairyland to reinstate the Policy and gave Dairyland a recorded statement.

16.     During her recorded statement, April Huggins was asked whether any accidents or losses had occurred between the cancellation on August 28, 2025, and that date. April Huggins represented no accidents or losses had occurred during that time.

17.     In her recorded statement, April Huggins was asked to agree that no accidents or losses had occurred between the cancellation on August 28, 2025, and the date of the call, and that reinstatement of the Policy was conditional upon there having been no accidents or losses during the lapse period. In response, April Huggins agreed.

18. April Huggins falsely represented that no accidents had previously occurred, as she had been involved in an auto accident merely forty-five minutes prior to calling Dairyland to reinstate the Policy.

19. Based on April Huggins's misrepresentations that there had been no accidents or losses between the cancellation on August 28, 2025, and the time of the call on September 1, 2025, at 3:12 PM, the Policy was reinstated and backdated to the date of cancellation as if there had been no lapse in coverage under the Policy.

20. The Dairyland Policy provides in pertinent part:

**DEFINITIONS USED THROUGHOUT THIS POLICY**
\*\*\*

(15) **"Misrepresent"** or **"Misrepresentation"** means providing information to **us** that is known by **you** to be false, misleading or fraudulent. This could be presented to **us** during the application for coverage, or during the policy period. It must affect either the eligibility for coverage and/or the premium that is charged. Concealing information relevant to the application, or maintenance of coverage, is also **misrepresentation**.
\*\*\*

**PART I – LIABILITY COVERAGE**
\*\*\*

**We** will pay damages for which any **insured person** is legally liable because of **bodily injury** and/or **property damage** caused by a **car accident.** The **car accident** must have arisen out of the ownership, upkeep or use of a **car**. **We** will settle any claim or defend any lawsuit which is payable under the policy as **we** deem appropriate.

**We** have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**Our** duty to settle or defend ends when **our** limit of liability for this coverage has been tendered or paid.
\*\*\*

**PART V – GENERAL PROVISIONS**
\*\*\*

**MISREPRESENTATIONS.**

4

> If **you misrepresent** any fact or condition that affects whether a risk is eligible or contributes to a **loss**, **we** reserve the right to rescind the policy and/or deny coverage. This also applies if the **misrepresentation** avoids premium owed to **us** or results in a premium lower than that which would have been charged if true and complete information had been provided.
>
> Should **we** be required to cover such a **loss**, **we** reserve the right to recover all resulting payments from **you**.

***

21.    On October 1, 2025, counsel for Connie Hatfield and Lenard Hatfield contacted Dairyland to make a demand for the Policy's limits of bodily injury and property damage liability coverage.

**FOR A FIRST DECLARATION**

22.    Dairyland repeats and realleges the paragraphs above as if set forth fully verbatim below.

23.    Defendant April Huggins induced Dairyland to mistakenly reinstate the Policy as if there had been no lapse in coverage by fraud by intentionally failing to disclose she had been involved in an accident in the time between the date of cancellation on August 28, 2025, and the time of her call to reinstate the Policy at 3:12 PM on September 1, 2025, and was involved in such an accident around forty-five minutes prior to calling to reinstate the Policy at 2:35 PM.

24.    Defendant April Huggins represented to Dairyland that there had been no accidents or losses since the date of cancellation on August 28, 2025, during her call to reinstate the Policy at 3:12 PM on September 1, 2025.

25.    These representations were false.

26.    These representations were material to the insurance contract.

27.    Defendant April Huggins knew that these representations were false.

28. Defendant April Huggins intended that Dairyland reinstate her Policy of insurance with no lapse in coverage since it was cancelled on August 28, 2025, in order to procure coverage for the accident that occurred prior to her call to reinstate the Policy.

29. When Dairyland reinstated the Policy, Dairyland was not aware that April Huggins had been involved in an automobile accident in the vehicle listed on the Policy around forty-five minutes prior to her call to reinstate the Policy.

30. Dairyland relied on the truth of the representations April Huggins made in her reinstatement request and had a right to rely on those representations.

31. As a result of its reliance on these representations, Dairyland mistakenly reinstated April Huggins's Policy and backdated it to provide coverage from the date of cancellation on August 28, 2025, as if there had been no lapses in coverage.

32. Dairyland would not have reinstated the Policy as if there had been no lapse in coverage had April Huggins made truthful representations in her request to reinstate the Policy.

33. Dairyland expressly inquired and conditioned the Policy's reinstatement with no lapse in coverage upon April Huggins's representations that there had been no accidents or losses since the Policy's cancellation on August 28, 2025.

34. Connie Hatfield and Lenard Hatfield, who are parties to the accident April Huggins was involved in around forty-five minutes prior to calling to reinstate the Policy, now seek liability coverage under the Policy.

35. Therefore, in the alternative, Dairyland is entitled to have the Policy reformed to incept after the time of the accident on September 1, 2025, due to its unilateral mistake caused by April Huggins's fraudulent representations.

**WHEREFORE**, Dairyland prays that the Court inquire into these matters and make the following declarations:

A. That the Dairyland Policy is reformed to incept, and thus only provide coverage, after the September 1, 2025, auto accident;

B. That the Dairyland Policy provides no coverage for the September 1, 2025, auto accident;

C. That Dairyland has no obligation to pay, indemnify, defend, or otherwise perform under this Policy for any and all claims that have arisen or may arise in the future, out of the September 1, 2025, auto accident; and

C. For such other relief as the Court may deem just and proper.

          MURPHY & GRANTLAND, P.A.

          *s/J.R. Murphy*
          J.R. Murphy, Esquire, Fed. Bar No. 3119
          P.O. Box 6648
          Columbia, SC  29260
          803-782-4100
          jrmurphy@murphygrantland.com
          Attorneys for the Plaintiff Dairyland Insurance Company

Columbia, South Carolina
December 5, 2025