IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dairyland Insurance Company, | ) | Case No.: 4:25-cv-13756-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| April J. Huggins, Randy Meyers, | ) | |
| Connie L. Hatfield, and Lenard J. | ) | |
| Hatfield, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Dairyland Insurance Company's ("Dairyland" or "Plaintiff") Motion for Default Judgment against Defendants April J. Huggins and Randy Meyers pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and for declaratory judgment as to Defendants Connie L. Hatfield and Lenard J. Hatfield. (DE 28.) The Clerk of Court has entered default against Meyers and Huggins. (DE 21; DE 27.) The Hatfields have appeared through counsel, and Plaintiff's Motion includes a stipulation concerning their position on the requested declaratory relief.

The Amended Complaint seeks reformation of Personal Auto Policy No. 11410394879 (the "Policy") and a declaration that the Policy affords no coverage for an automobile accident that occurred on September 1, 2025. Dairyland alleges that the Policy had been canceled for nonpayment before the accident and that Huggins later obtained retroactive reinstatement by falsely representing that no accident or loss had occurred during the lapse in coverage. (DE 6.)

Having reviewed the Motion, the Amended Complaint and its exhibits, the parties' submissions, and the record, the Court concludes that the present record does not permit entry of default judgment or the requested declaratory relief. The Motion will, therefore, be held in abeyance pending the targeted supplementation directed below.

## I.  SUBJECT-MATTER JURISDICTION

Dairyland invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The Amended Complaint alleges complete diversity and states that the amount in controversy exceeds $75,000. The party invoking federal jurisdiction bears the burden of establishing that the jurisdictional requirements are satisfied, and the defaults or nonopposition of the Defendants do not relieve the Court of its independent obligation to determine whether subject-matter jurisdiction exists.

In an action seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Insurance Co.*, 709 F.3d 362, 367 (4th Cir. 2013). In an insurer's declaratory-judgment action, the jurisdictional amount may be measured by the concrete pecuniary consequence of the requested declaration to either side. *Government Employees Insurance Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964). In *Lally*, that consequence was the difference between the insurer's asserted $10,000 limit and the insureds' good-faith contention that the policy provided $30,000 in coverage. *Id.* Here, the Amended Complaint does not similarly identify the total value of the competing coverage positions or explain

how the requested declaration would produce a pecuniary consequence exceeding $75,000.

The object of this litigation is Dairyland's request to reform the reinstatement of Personal Auto Policy No. 11410394879 and to obtain a declaration that it has no obligation to pay, indemnify, defend, or otherwise provide coverage for claims arising from the September 1, 2025, accident. The Amended Complaint identifies bodily-injury and property-damage limits under both the liability and uninsured-motorist portions of the Policy. It does not, however, explain which coverages are implicated by the claims at issue, the amount reasonably at stake under each implicated coverage, or whether separate limits may properly be aggregated.

The Amended Complaint alleges that the Hatfields made a demand for the Policy's bodily-injury and property-damage liability limits and that Meyers had made or might make a claim under the Policy. It does not allege the amount of Meyers's claim, identify any other quantified demand, or otherwise explain how the competing coverage positions exceed the jurisdictional threshold.

Dairyland also seeks a declaration that it owes no duty to defend. A presently existing defense obligation may contribute to the value of an insurance-coverage dispute. The Amended Complaint, however, does not allege that an underlying lawsuit had been filed, that a defense had been tendered, that Dairyland had undertaken a defense, or that any defense costs had been incurred or reasonably anticipated when this action commenced. The bare request for a declaration

3

concerning the duty to defend, therefore, does not, without additional facts, establish a measurable amount beyond the applicable coverage exposure.

*Francis* does not establish otherwise. There, the insureds had incurred $66,347 defending an underlying tort action, and the governing state law permitted recovery of additional attorney's fees incurred in the declaratory action. The Fourth Circuit held that those established and legally recoverable amounts could be considered together in determining the amount in controversy. *See Francis*, 709 F.3d at 367–69. The present Amended Complaint contains no analogous allegations concerning incurred defense costs or recoverable fees in this action.

The specific allegations of the Amended Complaint, therefore, leave unclear how the value of the concrete coverage dispute exceeded $75,000 when this action commenced. That said, Plaintiff shall file a jurisdictional supplement that:

1.  Identifies each claimant, claim, and Policy coverage that Plaintiff contends was actually in controversy when this action commenced;

2.  States the amount demanded or reasonably at issue with respect to each claim and provides competent documentation supporting that amount;

3.  Identifies each Policy limit Plaintiff contends may be included in the jurisdictional calculation and explains why the implicated limits may properly be aggregated under the facts of this case;

4.  States whether any underlying lawsuit arising from the September 1, 2025, accident had been filed when this action commenced and, if so, identifies the action, the relief demanded, the date the defense was tendered, and whether Dairyland had undertaken the defense;

5.  If Plaintiff relies upon the value of a duty to defend, identifies any defense costs incurred or reasonably anticipated when this action commenced and provides competent evidence supporting that valuation;

4

6.  If Plaintiff relies upon attorney's fees or expenses associated with this declaratory-judgment action, identifies the contractual or statutory basis permitting recovery of those amounts;

7.  Explains, from the perspective of either Dairyland or the Defendants, the pecuniary result that the requested judgment would produce and why that result exceeded $75,000 when the action commenced;

8.  Identifies the citizenship of Dairyland and each remaining Defendant, recognizing that a corporation is a citizen of its state of incorporation and the state of its principal place of business and that an individual's citizenship turns on domicile rather than residence alone; and

9.  Addresses whether the addition of the South Carolina Department of Transportation as a Defendant in the Amended Complaint affected diversity jurisdiction and, if so, whether its subsequent dismissal cured any jurisdictional defect, including whether relief under Rule 21 is necessary or appropriate.

The supplement must establish the Court's subject-matter jurisdiction independently of the defaults or nonopposition of any Defendant. The Declaratory Judgment Act authorizes relief only in a case of actual controversy otherwise within the Court's jurisdiction. 28 U.S.C. § 2201(a).

## II.    STIPULATION OF THE HATFIELD DEFENDANTS

The stipulation attached to Plaintiff's Motion refers to "Progressive Direct," although Progressive Direct is not a party to this action and Dairyland is the insurer seeking relief. Plaintiff shall file a corrected stipulation executed by counsel for Dairyland and the Hatfields.

The corrected stipulation must clearly state:

1.  Whether the Hatfields consent to entry of the requested judgment or merely do not oppose it;

2.  The precise declaratory relief to which the stipulation applies; and

3. Whether the Hatfields reserve any claims, defenses, or rights not expressly resolved by the stipulation.

### III.    PREREQUISITES FOR DEFAULT JUDGMENT

Before entering judgment against a defendant who has not appeared, the Court must be satisfied that the defendant was properly served, failed to plead or otherwise defend, is not an unrepresented minor or incompetent person, and is not entitled to protection from default judgment under the Servicemembers Civil Relief Act. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.

### A.    Defendant Randy Meyers

Plaintiff previously filed a sworn affidavit stating that Meyers was served, failed to respond within the permitted time, and following counsel's investigation, was not a minor, incompetent person, or member of the military service. (DE 18-1.) Plaintiff need not duplicate matters adequately established by that affidavit or other materials already on the docket.

Plaintiff shall, however:

1. Identify the correct date on which Meyers was served and cite the operative proof of service;

2. Explain the discrepancy between the February 12, 2026, service date stated in DE 18 and the different date reflected on the docket;

3. Identify the basis for the March 5, 2026, response deadline stated in DE 18, including the terms and duration of any agreed extension; and

4. Supplement the existing military-status affidavit with the facts supporting counsel's conclusion that Meyers was not in military service. Plaintiff may satisfy this requirement through a current military-status report or other competent information satisfying 50 U.S.C. § 3931(b).

Unless Plaintiff identifies a reason to question the existing sworn representation, Plaintiff need not submit a second affidavit concerning whether Meyers is a minor or incompetent person.

## B.    Defendant April J. Huggins

The record contains a sworn affidavit detailing Plaintiff's unsuccessful efforts to accomplish personal service upon Huggins, including attempted service through a process server, certified mail, and commercial delivery. (DE 19.) Based upon those efforts and the related supporting materials, the Court previously found that Plaintiff had demonstrated due diligence and authorized service by publication. (DE 24.) Plaintiff need not duplicate its showing of due diligence or reestablish its entitlement to serve Huggins by publication.

Plaintiff shall instead:

1.    Identify the affidavit of publication, publisher's certificate, or other docket materials establishing that publication was completed in accordance with the Court's authorization;

2.    Identify the newspaper in which notice was published and the dates and frequency of publication;

3.    Confirm that the publication concerned the operative Amended Summons and Amended Complaint;

4.    State when service by publication became complete and when Huggins's response was due;

5.    Identify the materials establishing that Huggins did not appear, plead, or otherwise defend after expiration of that period;

6.    Identify any existing materials establishing that Huggins is not an unrepresented minor or incompetent person; and

7. Provide an affidavit or declaration satisfying 50 U.S.C. § 3931(b), including the facts supporting Plaintiff's representation concerning Huggins's military status.

Plaintiff may satisfy this Section by citing materials already filed and supplementing only those matters that remain unclear or unsupported.

## IV. LEGAL SUFFICIENCY AND SCOPE OF THE REQUESTED RELIEF

A defendant's default admits the well-pleaded factual allegations of the complaint but does not admit conclusions of law or establish automatically that the plaintiff is entitled to the relief requested. *See Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006). The Court must determine whether the well-pleaded allegations of the Amended Complaint, together with the written instruments incorporated into it, establish a legally sufficient basis for the requested judgment. *See* Fed. R. Civ. P. 10(c).

Rule 55(b)(2) authorizes the Court, when necessary to enter or effectuate judgment, to establish the truth of an allegation by evidence or investigate another matter. That authority is discretionary. Rule 55(b)(2) does not require additional testimony or declarations in every default proceeding, and supplemental evidence may not substitute for the failure to plead an essential element or support relief different in kind from that demanded in the operative complaint. *See* Fed. R. Civ. P. 54(c).

With these guideposts in mind, Plaintiff shall file a supplemental memorandum that:

1. Identifies the precise legal theory or theories on which it seeks relief, including whether it seeks reformation, rescission, enforcement of the alleged cancellation, denial of coverage under the Policy's misrepresentation provision, or some combination of those remedies;

2. Identifies the governing elements and burden of proof under South Carolina law for each theory of relief;

3. Identifies the specific allegations of the Amended Complaint and the incorporated exhibits that Plaintiff contends establish each required element;

4. Explains the legal effect of the alleged cancellation of the Policy effective August 28, 2025, including whether a declaration that the Policy was not in force at the time of the accident would resolve the coverage dispute independently of reformation or rescission;

5. Explains the legal and contractual effect of the alleged reinstatement after the accident and identifies the precise relief necessary to prevent the reinstatement from operating retroactively;

6. States whether Plaintiff seeks reformation, rescission, denial of coverage, or another remedy as the primary disposition and explains how each component of the requested relief conforms to the Amended Complaint and Rule 54(c);

7. Identifies the exact date, time, and applicable time zone at which Plaintiff contends coverage resumed or the reformed Policy became effective and explains the contractual and factual basis for that position;

8. Explains whether the allegations deemed admitted by default satisfy any heightened substantive burden applicable to the equitable relief sought;

9. Addresses whether and to what extent the default of Meyers, who is alleged to have been a passenger in the insured vehicle, establishes facts concerning Huggins's representations, Dairyland's reliance, or the reinstatement of the Policy; and

10. Identifies any allegation or issue that Plaintiff contends requires proof beyond the Amended Complaint and its incorporated exhibits under Rule 55(b)(2).

Plaintiff may submit targeted declarations or documentary evidence concerning an issue identified under paragraph 10. Any such submission must

9

corroborate or clarify the claim and relief pleaded in the Amended Complaint and may not supply an omitted essential allegation, introduce a materially different theory, or enlarge the relief permissible under Rule 54(c).

The Amended Complaint alleges that the accident occurred at approximately 2:35 p.m. and that Huggins contacted Dairyland to request reinstatement at approximately 3:12 p.m. Plaintiff shall clarify whether it seeks to make reinstatement effective at 3:12 p.m. on September 1, 2025, at some other specifically identified time, or only prospectively from completion of the reinstatement transaction. Any requested judgment must state the operative date, time, and time zone with precision rather than merely providing that reinstatement occurred "after" the accident.

The Court reserves determination of whether any additional evidentiary submission, hearing, or other proceeding under Rule 55(b)(2) is necessary after reviewing Plaintiff's supplemental memorandum.

## V. DISMISSED PARTIES AND SCOPE OF THE DECLARATION

The Amended Complaint named the South Carolina Department of Transportation and MPD Electric Cooperative, Inc., as parties that had or might assert property-damage claims arising from the accident. SCDOT was later voluntarily dismissed, and MPD Electric was dismissed without prejudice by stipulation. (DE 13; DE 16.)

Plaintiff shall address:

1. Whether either dismissed entity is a required party under Rule 19 of the Federal Rules of Civil Procedure;

2.   Whether the requested declaration could impair or impede an interest claimed by either dismissed entity;

3.   Whether the absence of either dismissed entity could expose an existing party to a substantial risk of multiple or inconsistent obligations;

4.   Whether complete relief can be afforded among the parties presently before the Court;

5.   Whether either dismissed entity presently asserts or reasonably may assert a claim under the Policy arising from the September 1, 2025, accident;

6.   Whether the dismissal without prejudice of MPD Electric affects the scope or finality of any declaration the Court may enter;

7.   Each person or entity Plaintiff contends would be bound by the requested declaration and the legal basis for binding that person or entity; and

8.   Whether the declaration should be limited expressly to the rights and obligations of Dairyland and the parties presently before the Court.

Unless Plaintiff establishes a legal basis for broader relief, any declaration entered by the Court will be limited to the rights and obligations of Dairyland and the parties presently before the Court and will not adjudicate the rights of dismissed parties or nonparties.

## VI.   STATEMENT OF REQUESTED RELIEF AND PROPOSED JUDGMENT

Plaintiff shall include in its supplemental memorandum a separately captioned statement setting forth the exact declaratory relief requested. That statement must:

1.   Identify the Defendant or Defendants against whom each component of relief is sought;

2.   Distinguish the relief sought by default against Huggins and Meyers from the disposition requested as to the Hatfields;

11

3. Identify the precise remedy requested, including whether Plaintiff seeks enforcement of cancellation, reformation, rescission, denial of coverage, or a combination of remedies;

4. Identify the exact effective date, time, and applicable time zone of any requested reformation or reinstatement;

5. Explain how each component of the requested relief is authorized by the Amended Complaint and Rule 54(c);

6. Identify the persons or entities Plaintiff contends would be bound by the declaration and the legal basis for that position; and

7. State whether entry of the requested judgment would resolve every remaining claim involving every remaining party.

Plaintiff shall also submit a proposed separate judgment under Rule 58 containing only the requested relief. The proposed judgment shall not include factual recitals or legal analysis. It shall not purport to adjudicate the rights of dismissed parties or nonparties unless Plaintiff establishes a legal basis for doing so.

Plaintiff need not submit a revised proposed explanatory order. The Court will prepare any order resolving the Motion after reviewing the supplemental materials and determining whether further proceedings are necessary.

## VII.  CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment and Declaratory Judgment (DE 28) is **HELD IN ABEYANCE**.

Within fourteen days after entry of this Order, Plaintiff shall file a single consolidated supplement addressing Sections I through VI. Plaintiff may incorporate existing docket materials by citation and need not duplicate evidence already filed.

Defendants Connie L. Hatfield and Lenard J. Hatfield may file a response within seven days after Plaintiff files its supplement.

Failure to establish subject-matter jurisdiction or to provide an adequate legal and procedural basis for the requested relief may result in dismissal for lack of jurisdiction, denial of the Motion without prejudice, entry of narrower relief than Plaintiff requests, or such other action as the Court deems appropriate.

The Court expresses no opinion at this time on the ultimate merits of Plaintiff's request for default judgment, reformation, or declaratory relief.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 21, 2026

13