# MORGAN & MORGAN
## FOR THE PEOPLE.COM

Morgan and Morgan

20 North Orange Avenue

Orlando

FL                    32801

## FROM

## TO

Name:   Stevanna Kinloch

Phone:  (843) 619-4610        Fax:  (854) 222-6500          18356557#818887292225

E-mail:  skinloch@forthepeople.com

Sent:  12/5/25          at:  11:16:10 AM                    24   page(s) (including cover)

Subject:   968A589000

Comments:

Good morning

Please see the attached time sensitive demand for Lenard Hatfield.

Please send confirmation of receipt.

**Stevanna Kinloch**
Operations Paralegal

**T:** (843) 619-4610
**F:** (854) 222-6500
4401 Belle Oaks Drive, 3rd Floor,
North Charleston, SC 29405



$25B+ Recovered • 1,000+ Attorneys • 120+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

CONFIDENTIALITY NOTICE  This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# MORGAN & MORGAN

December 5, 2025



18356557
U.S. MAIL & VIA FAX: 8339051739
*Attn: Dairyland Insurance Company*
PO Box 8042
Stevens Point, WI 54481

RE:    Our Client:         Lenard Hatfield
       Your Insured:       April Huggins
       Claim No:           968A589000
       Date of Accident:   9/1/2025

Dear Jinny Ritter,

As you are aware, we represent Lenard Hatfield for an accident involving your insured, April Huggins on September 1, 2025. I am enclosing a copy of the accident report for your review. As you can see from the officer's investigation, your insured was clearly at fault and was cited for disregarding a stop sign. We are viewing this as a case of one hundred percent (100%) liability on the part of your insured.

On September 1, 2025, at approximately 2:35PM, Connie Hatfield was lawfully driving on Secondary 28 with Lenard Hatfield as a restrained passenger, when your insured disregarded a stop sign and struck the Hatfield's vehicle on the passengers side, causing the vehicle to spin, become airborne, hit a utility pole and a stop sign, and then land rear-end in a pond, straddling a ditch.

Lenard initially sought treatment at Carolina Pines Regional Medical Center for his injuries. He received X-rays, CT scans. Mr. Hatfield suffered injuries to the right knee and right ankle and his neck, head, chest, pelvis, and abdomen. Upon determining that his injuries were not life threatening, he was discharged and instructed to seek follow up care if his symptoms persisted. Unfortunately, he continued to experience pain from his injuries sustained in the collision.

---

Lenard's medical expenses are:

| Provider | Amount |
| --- | --- |
| Carolina Pines Regional Medical Center | $29,424.37 |
| IES of South Carolina | $2,936.00 |
| Darlington County EMS | $548.00 |
| Carolina Radiology Associates | Will Supplement |

**TOTAL     $32,908.37**

Lenard continues to suffer a great deal both physically and emotionally. Their life was abruptly interrupted by the negligence of your insured when they had to seek medical treatment to mitigate the injuries they sustained in this crash. Lenard has experienced anxiety when driving, as well as emotional distress and mental anguish as a result of the collision.

## PUNITIVE DAMAGES

Your insured will face a jury charge regarding punitive damages, **which your contract obligates you to pay up to the total limits of your bodily injury and property damage coverage ($25,000.00).** *See* S.C. Code Ann. § 38-77-30(4) (defining "damages" in insurance contracts to include "both actual and punitive damages"); *see also Gov't Emps. Ins. Co. v. Poole*, 424 S.C. 1, 5, 817 S.E.2d 283, 286 (2018) (holding an insurer is responsible to pay punitive damages up to the total limits of the bodily injury and property damage coverages and may not apportion punitive damages between coverages). **Your insured violated the law by failing stop at a stop sign.**

A driver who fails to follow traffic laws will not find favor with a law-abiding South Carolina jury. South Carolina law allows a jury to consider such factors as the defendant's driving record, any prior violations, his knowledge of his conduct, and the severity of the harm caused, and how the punitive damages will keep their community safe. *See* S.C. Code Ann. § 15-32-520.

## OFFER TO SETTLE CLAIM

**You have 10 days from the date of this letter to tender the limits of coverage** and confirm that no additional coverage exists. If you do not comply, we will immediately file and serve a lawsuit against your insured.

If you do not protect your insured by tendering all available bodily injury and property damage coverage, **we will certainly seek far in excess of the policy at trial.** We are requesting that you share this letter with your insured so they can understand that you have the opportunity to save them the time and money involved in litigating this matter.

### THIS IS A FINAL *TYGER RIVER* DEMAND.

As you well know, South Carolina law requires an insurer to sacrifice its own interests for the interests of its insureds. See, e.g., Tyger River Pine Co. vs. Maryland Casualty Co., 170 S.C. 286, 170 S.E. 346 (1933). Refusing to settle this claim against your insured now would be unreasonable and would thus subject your company to liability for the excess verdict that a jury would certainly return for my client.*Cf. id.; see also Charleston Cnty. Sch. Dist. v. St. Budg. & Control Bd.*, 313 S.C. 1, 8, 437 S.E.2d 6, 10 (1993) ("[A]n insurer's unreasonable refusal to settle within policy limits subjects the insurer to liability.").

**We will not accept less than policy limits.** This is your final opportunity to settle this claim for the amount above. If you refuse to settle, we will not accept policy limits for settlement again. Instead, we will try this case to a jury and, we are confident, obtain a verdict in excess of the policy limits. In that case, we will seek an assignment of and pursue your insureds' *Tyger River* rights.

Again, we are hereby demanding a tender of all available liability and property damage coverage to resolve this matter. Please deliver the settlement draft to our office by end of ten (10) days hence. At that time, our client's offer to settle will be withdrawn and we will proceed with service. Settlement drafts should be made payable to the **Morgan & Morgan, P.A. Trust Account f/b/o Lenard Hatfield,** Tax ID 20-8040185, sent to my direct attention and received in our office, located at 4401 Belle Oaks Drive, 3rd Floor, North Charleston, SC 29405, and in my possession, no later than **December 15th, 2025 by 3pm Eastern Standard time.**

Sincerely,

Alan Belcher

AB/sb

Enclosures

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

STATE OF SOUTH CAROLINA

COUNTY OF DARLINGTON

CONNIE HATFIELD AND LENARD
HATFIELD,

        Plaintiffs,

vs.

APRIL HUGGINS,

        Defendant.

IN THE COURT OF COMMON PLEAS

FOURTH JUDICIAL CIRCUIT

CASE NO: 2025-CP-16-

**SUMMONS**

(Jury Trial Requested)

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                      **MORGAN & MORGAN**

                                      */s/ Alan Belcher*
                                      Alan Belcher, Esq.
                                      SC Bar No. 71686
                                      4401 Belle Oaks Dr., Ste 300
                                      North Charleston, SC 29405
                                      Telephone: (843) 973-5975
                                      E-Service: abelcher@forthepeople.com
                                      ***Attorney for Plaintiff***

North Charleston, South Carolina
September 26, 2025

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

STATE OF SOUTH CAROLINA

COUNTY OF DARLINGTON

CONNIE HATFIELD AND LENARD
HATFIELD,

Plaintiffs,

vs.

APRIL HUGGINS,

Defendant.

IN THE COURT OF COMMON PLEAS

FOURTH JUDICIAL CIRCUIT

CASE NO: 2025-CP-16-

**COMPLAINT**
(Jury Trial Requested)

Plaintiffs Connie Hatfield and Lenard Hatfield, by and through his undersigned attorney, complains of Defendant and alleges as follows:

### Parties, Venue, and Jurisdiction

1.  Plaintiffs Connie Hatfield and Lenard Hatfield ("Plaintiffs") were injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiffs are citizens and resident of the County of Darlington, State of South Carolina.

2.  Defendant April Huggins ("Defendant") was driving a 2015 Chevrolet (Vin Number: (2G1WA5E39F1126371) owned by Defendant. Defendant failed to obey a stop sign and smashed into the Plaintiffs and caused the Plaintiff's injuries in the Crash. At all relevant times, Defendant was a resident and citizen of the County of Darlington, State of South Carolina.

3.  This Court has jurisdiction over the matters complained of herein and Darlington County is the appropriate venue, pursuant to S.C. Code §15-7-30 (C), et seq. Further, the acts and omissions giving rise to this cause of action took place in Darlington County, as further shown below.

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

### General Factual Allegations

4. On or about September 1, 2025, at or around 2:39 PM the Plaintiff Connie Hatfield was operating her motor vehicle on or around Indian Branch Road and SEC 28 in the County of Darlington, State of South Carolina.

5. At or around the same time, Defendant was operating her motor vehicle on or near Indian Branch Road and SEC 28, in the County of Darlington, State of South Carolina.

6. Plaintiffs were on or near Indian Branch road when Defendant failed to yield the right-of-way at a stop sign and struck Plaintiffs' vehicle causing Plaintiffs to run off the right side of the road, strike a utility pole then a street sign, and collide with a ditch. While failing to obey a stop sign, disregarding traffic conditions, and without yielding to the proper right-of-way, Defendant's vehicle collided with the passenger's side of Plaintiffs' vehicle.

7. As a result of the collision, Plaintiffs sustained serious and permanent injuries which require them to endure medical treatment which is currently ongoing as well as significant damage to Plaintiffs' vehicle.

### For a First Cause of Action
(Negligence *per se*)

8. Plaintiffs incorporate the foregoing paragraphs as if fully repeated verbatim here.

9. Defendant owed Plaintiffs statutory duties to yield the right-of-way to Plaintiffs.

10. Defendant failed to exercise due care to avoid crashing into Plaintiffs.

11. Defendant breached her duty to Plaintiffs by failing to yield the right-of-way to Plaintiffs and by failing to exercise due care to avoid crashing into Plaintiffs.

12. Defendant breached her duty to Plaintiffs by not paying attention to the road at the time of the crash.

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

13. Defendant's violation of her statutory duties as a driver constitutes negligence *per se.*

14. Defendant's breach of her statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiffs to both compensatory and punitive damages.

15. When Defendant and Plaintiffs crashed, Plaintiff Connie Hatfield was driving lawfully on SEC 28. Plaintiff Lenard Hatfield was a restrained passenger in the vehicle.

16. Defendant was required to yield the right-of-way to Plaintiffs. *See, e.g.,* S.C. Code Ann. § 56-5-2330(b) (requiring drivers like the Defendant to yield the right-of-way to any vehicle when operating a vehicle).

17. Defendant's violations of her statutory duties caused Plaintiffs' damages, including but not limited to the following:

    a.  Significant past and future medical expenses,

    b.  Emotional distress and anxiety,

    c.  Loss of enjoyment of life, to the detriment of Plaintiffs' physical health and mental wellbeing, and

    d.  Other damages as will be shown in the discovery and trial of this case.

18. Because Plaintiffs were injured as a direct result of Defendant's violations of her statutory duties described above, Plaintiffs are entitled to actual and compensatory damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

19. Defendant's statutory violations also demonstrate such want of care as to show Defendant was consciously indifferent to the health, rights, and safety of Plaintiffs and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant

for her reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiffs' private rights which Defendant violated. Plaintiffs also request whatever costs, attorney fees, and interest to which this Court determines they are entitled.

## For a Second Cause of Action
(Negligence)

20. Plaintiffs incorporate the foregoing paragraphs as if fully repeated verbatim here.

21. Defendant owed Plaintiffs a common-law duty to do the following:

    a.   Keep a proper lookout,

    b.   Maintain appropriate attention on the road while driving,

    c.   Maintain her vehicle in a roadworthy manner,

    d.   Yield the right-of-way to Plaintiffs,

    e.   Operate her vehicle in a safe manner and at a safe speed, and

    f.   Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiffs.

22. Defendant breached her duty to Plaintiffs in one or more of the following ways:

    a.   Failing to keep a proper lookout,

    b.   Failing to observe Plaintiffs' vehicle while traveling on a roadway,

    c.   Failing to yield the right-of-way to Plaintiffs,

    d.   Operating her vehicle in an unsafe manner or at an unsafe speed, or

    e.   Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiffs, as shall be further shown in the discovery and trial of this case.

23. Defendant's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

24. Defendant's negligent, grossly negligent, careless, reckless, willful, and wanton breach of her duty directly and proximately caused Plaintiffs' serious injuries and Plaintiffs' extended medical treatment. As a direct result of Defendant's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiffs have suffered or will suffer the following damages:

    a. Significant past and future medical expenses,

    b. Personal property damage,

    c. Emotional distress and anxiety,

    d. Loss of enjoyment of life, to the detriment of Plaintiffs' physical health and mental wellbeing, and

    e. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiffs were injured as a direct result of Defendant's acts and omissions described above, Plaintiffs are entitled to actual and compensatory damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant's acts and omissions demonstrate such want of care as to show Defendant was consciously indifferent both to the consequences of her acts and omissions and to the health, safety, and rights of Plaintiffs and others. Thus, in addition to Plaintiffs' compensatory damages, Defendant should also pay punitive damages in the amount the jury determines appropriate to punish Defendant for her reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiffs private rights which Defendant violated. Plaintiffs also request whatever costs, attorney fees, and interest to which this Court determines they are entitled.

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942

**WHEREFORE**, Plaintiffs ask this Court to award their actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines they are entitled.

**MORGAN & MORGAN**

*/s/ Alan Belcher*
Alan Belcher, Esq.
SC Bar No. 71686
4401 Belle Oaks Dr., Ste 300
North Charleston, SC 29405
Telephone: (843) 973-5975
E-Service: abelcher@forthepeople.com
***Attorney for Plaintiff***

North Charleston, South Carolina
September 26, 2025

ELECTRONICALLY FILED - 2025 Sep 26 7:49 AM - DARLINGTON - COMMON PLEAS - CASE#2025CP1600942